IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAY PARNELL                                                                                    PLAINTIFF

v.                                 CASE NO. 3:20-CV-00395-BSM

THE CITY OF JONESBORO,
ARKANSAS                                                                                       DEFENDANT

## ORDER

The City of Jonesboro's motion to dismiss Jay Parnell's amended complaint [Doc. No. 11] is denied.

## I. BACKGROUND

Parnell is the registered agent, secretary, and vice president of Christian Construction Company, Inc. and lives on a lot adjacent to the lot owned by the company. Am. Compl. ¶¶ 6–7, 9, Doc. No. 10. The company's lot was found to be in violation of Jonesboro City Ordinance section 30-5(b), "clearance of unsightly or unsanitary conditions– failure to cut weed growth." *Id*. ¶ 10. When Parnell failed to comply with the ordinance, a hearing was conducted and the judge ordered that, if Parnell failed to comply with the ordinance within sixty days, the code enforcement officer was to "do whatever is necessary to correct the unsightly or unsanitary conditions" at Parnell's expense. *Id*. ¶¶ 11–14. When Parnell failed to comply within sixty days, an order for clean-up and restitution was entered. *Id*. ¶ 15. Parenll's appeal of the order was dismissed and code enforcement carried out the clean-up order, taking several items of Parnell's personal property totaling $22,056.02. *Id*. ¶¶ 15–16. Parnell is suing The City of Jonesboro for violating his rights under the due process clause

and the Fourth and Eighth Amendments, and the Arkansas Civil Rights Act of 1993. *Id.* ¶ 29.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

The motion to dismiss is denied for two reasons. First, this case violates neither the *Rooker-Feldman* nor *Heck v. Humphrey* doctrines. This is true because a judgment in Parnell's favor will not overturn his conviction for violating the City's ordinance. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) *(Rooker-Feldman* doctrine bars district court review and rejection of state-court judgments); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (claim not cognizable under section 1983 if unlawfulness of alleged actions would render a conviction or sentence invalid).

Second, Parnell has sufficiently alleged that his damages were caused by an official

policy or custom of the City as to overcome dismissal at this stage.  The City of Jonesboro may be liable when its policies or customs cause injuries.  *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 798–99 (8th Cir. 1998) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).  Parnell alleges that the judge's clean-up order and Jonesboro's municipal code designated the Code Enforcement Office as a policymaking authority for the City.  *See Coleman v. Watt*, 40 F.3d 255, 262 (8th Cir. 1994) (plaintiff's allegation that police chief was an official policymaker acting pursuant to municipal judge's order was sufficient to survive dismissal).  Parnell also alleges that Michael Tyner's actions bind the City because, as director of Jonesboro's Code Enforcement Office, he is an official policymaker.  *Granda v. City of St. Louis,* 472 F.3d 565, 568 (8th Cir. 2007) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986)) (A single act of an official responsible for establishing final policy may create municipality liability when that official "makes a deliberate choice among competing alternatives that results in the violation of constitutional rights.").

    IT IS SO ORDERED this 16th day of August, 2021.

                                                                    UNITED STATES DISTRICT JUDGE