IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAY PARNELL                                                                      PLAINTIFF

v.                              CASE NO. 3:20-CV-00395-BSM

THE CITY OF JONESBORO,
ARKANSAS                                                    DEFENDANT

## ORDER

The City of Jonesboro's motion for summary judgment [Doc. Nos. 23 & 33] is granted because Jay Parnell has not shown a constitutional violation by the City. There is no genuine dispute that Parnell received notice and a hearing regarding his ordinance violation, and that the City subsequently removed items from his property pursuant to a court order to correct the violation. Parnell's motion for summary judgment [Doc. No. 30] is denied.

### I. BACKGROUND

In April 2017, the City of Jonesboro's code enforcement office received a complaint about Jay Parnell storing construction equipment and materials on his property. Case Field Report at 2, Doc. No. 23-6. Code enforcement verbally warned Parnell that he needed to store these items indoors. *Id*. When Parnell failed to clean up his property, he received a written warning. *Id*. In April 2018, Parnell had still not cleaned up his property and code enforcement issued him a citation for "unsightly conditions" and "unlawful storage" in violation of Jonesboro City Ordinance sections 30-5, and 30-5(a). Citation, Doc. No. 23-3. The citation noted that Parnell was unlawfully storing construction materials and appliances on his property, and set a court date. *Id*.

Parnell appeared in court and agreed to bring his property into compliance with the ordinance within ninety days. October Order ¶ 2, Doc. No. 23-9. When Parnell still did not clean up his property, the district court judge found him guilty of violating section 30-5(b), which makes it unlawful for a property owner or occupant to "fail to cut weeds and grass and plant growth as defined in this chapter." August Order ¶ 1, Doc. No. 23-8; City Code at 3, Doc. No. 23-12. The judge ordered Parnell to cut weeds, grass, and plant growth, and to remove various types of debris from the property "to the satisfaction of Jonesboro Code Enforcement," and gave him two months to submit proof of compliance. August Order ¶ 2. The order stated that, if Parnell failed to clean up his property, code enforcement could "do whatever is necessary to correct the unsightly or unsanitary conditions" and charge the cost of correction to Parnell. *Id*. ¶ 4.

When Parnell appeared two months later for the compliance review, the judge found that his property remained in violation of section 30-5(b). October Order ¶ 5. The judge ordered the City to "clean-up the property in question and bring it into compliance with [section] 30.5(b)." *Id*. Parnell filed a notice of appeal from the district court order, but the circuit court dismissed his appeal following a motion by the City. *See* Doc. Nos. 32-4, 32-5, 32-6. Shortly after the dismissal, code enforcement hired a contractor to clean up Parnell's property. The contractor hauled away nine trailer loads of debris from Parnell's property over two days. Case Field Report at 1. Parnell estimates that the items taken from his property were worth $22,056.02. Am. Compl. ¶ 16, Doc. No. 10. Parnell is suing the City

for violating his rights under the due process clause and the Fourth and Eighth Amendments, and the Arkansas Civil Rights Act of 1993. *Id.* ¶ 2. Parnell and the City both move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

The City's motion for summary judgment is granted because Parnell has not shown a constitutional violation by the City.

A.   <u>Due Process Claims</u>

Parnell asserts that the City violated his right to due process when it carried out the clean-up order and removed items from his property. Am. Compl. ¶¶ 29–30. Due process

rights are both procedural and substantive. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998). Procedural due process requires that an individual receive notice and a hearing before the government deprives him of a liberty or property interest. *Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976).

Parnell argues that he was only found guilty of violating section 30-5(b), and therefore only afforded notice of his failure to cut weeds, grass, and plant growth. Pl.'s Br. Supp. Mot. Summ. J. at 7, Doc. No. 31. His argument is unpersuasive because it appears he received extensive notice that his open storage also violated the City's ordinance. This notice came through warnings, a citation, a fine, and numerous other interactions with code enforcement over a three year period. *See* Case Field Report. Parnell himself attempted to satisfy code enforcement's demands by clearing some debris from his property. *Id*. He was also afforded multiple hearings where he was given ninety days, then sixty more days, to clean up his lot. Even the court order finding Parnell guilty of violating section 30-5(b) listed specific items he needed to remove from his property to prevent code enforcement's corrective intervention. August Order ¶ 2. Parnell received notice and a hearing before the City took his property, and that is what due process requires. *Samuels v. Meriwether*, 94 F.3d 1163, 1165 (8th Cir. 1996) (no due process violation where city destroyed building for failure to abate nuisances after notice and hearing).

Parnell also asserts a substantive due process claim by alleging that the City's ordinance is unconstitutionally vague and that the City's actions were irrational. Am. Compl.

¶¶ 30–31. He contends his lot was only found in violation of section 30-5(b), and that the City's taking of his property was unrelated to any overgrowth of weeds. *Id*. This claim fails as well because Parnell also had notice that his open storage violated the City's ordinance, specifically section 30-5(a). He has not shown that this section is unconstitutionally vague. *See United States v. Williams*, 553 U.S. 285, 304 (2008) (vagueness doctrine mandates that laws "must provide a person of ordinary intelligence fair notice of what is prohibited") (citation omitted). Moreover, the City's removal of items from Parnell's property to correct his continuing ordinance violation was not "truly irrational." *See Anderson v. Douglas Cty.*, 4 F.3d 574, 577 (8th Cir. 1993).

      B.    <u>Fourth and Eighth Amendment Claims</u>

Parnell further claims that the City's seizure of his property violated the Fourth Amendment. Am. Compl. ¶ 32. The Fourth Amendment standard for government seizures is overall reasonableness. *Sodal v. Cook Cty., Ill.,* 506 U.S. 56, 71 (1992). Parnell argues the City's seizure was unreasonable because his only ordinance violation concerned overgrown weeds. Here, the City did not violate the Fourth Amendment because it acted pursuant to a court order after Parnell received years of notice that his violation also included open storage. *See Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir. 1994) (finding vehicle impoundment pursuant to a court order reasonable under the Fourth Amendment). The seizure was carried out in accordance with procedural due process, *see supra* Section III.A, and Parnell has not alleged facts to show the City otherwise behaved unreasonably in taking

5

his property. *See Samuels*, 94 F.3d at 1168. Parnell's Eighth Amendment claim also fails because the City's removal of his property was not grossly disproportionate to his ordinance violations. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998) ("[t]he amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish").

      D.      <u>Parnell's Motion for Summary Judgment</u>

Parnell also moves for summary judgment and argues that the record establishes violations of his due process rights and his rights under the Sixth Amendment. Pl.'s Br. Supp. Mot. Summ. J. at 7–9. Specifically, Parnell alleges that the code enforcement office subjected him to incessant harassment in its handling of his case, and that he was never served the City's electronically-filed motion to dismiss his state court appeal. *Id*. at 8–9. Summary judgment is denied on these claims because Parnell did not assert them in his amended complaint. *See Hildreth v. City of Des Moines*, 773 F. App'x. 334, 335 (8th Cir. 2019) (parties typically cannot assert new claims in motions pertaining to summary judgment). To the extent Parnell seeks summary judgment on his due process claims related the City's seizure of his property, the motion is denied for the reasons set forth above. *See supra* Section III.A.

## IV. CONCLUSION

For the foregoing reasons, the City of Jonesboro's motion for summary judgment [Doc. Nos. 23 & 33] is granted, and Jay Parnell's motion for summary judgment [Doc. No.

30] is denied.

    IT IS SO ORDERED this 14th day of April, 2022.

*[Signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE